Leilani SCOTT,
Ellen Nelson, Lee Fitzsimmons and Susan Carrigan,
*Appellants,*

*v.*

CITY OF MEDFORD, OREGON,
*Respondent.*

(93-3457-E-1; CA A82610)

895 P2d 816

G. Philip Arnold and Drescher & Arnold, Charles F. Hinkle and Katherine A. McDowell for motion.

Before Deits, Presiding Judge, and Riggs and Leeson, Judges.

RIGGS, J.

## RIGGS, J.

In *Scott v. City of Medford*, 133 Or App 711, 893 P2d 544 (1995), we reversed and remanded the trial court's contrary holding and instructed it to declare the challenged city charter amendment invalid and to enjoin its enforcement pursuant to ORS 659.165. However, we did not allow costs to plaintiffs, who prevailed on the appeal. They move for reconsideration, ORAP 6.25, and contend that we erred in that regard. We allow reconsideration and modify our decision to allow costs to plaintiffs.[1]

ORS 659.165 provides:

"(1)   A political subdivision of the state may not enact or enforce any charter provision, ordinance, resolution or policy granting special rights, privileges or treatment to any citizen or group of citizens on account of sexual orientation, or enact or enforce any charter provision, ordinance, resolution or policy that singles out citizens or groups of citizens on account of sexual orientation.

"(2)   Any person who believes that a political subdivision has enacted or is enforcing a charter provision, ordinance, resolution or policy in violation of this section may bring an action in circuit court to have the charter provision, ordinance, resolution or policy declared invalid, for injunctive relief and for such other relief as the court may consider appropriate. *The court shall award reasonable attorney fees and costs to a plaintiff who prevails in an action under this subsection.*" (Emphasis supplied.)

The challenged part of our decision was an exercise of discretion under ORS 20.310(1) to hold that, given the defendant city's role in the litigation and appeal, it should not bear the costs.[2] Plaintiffs argue, however, that ORS 659.165(2) makes an award of costs and attorney fees to the prevailing party mandatory. Although plaintiffs acknowledge that the city did not resist either their action or their appeal, they assert:

---

[1] The specific amounts of costs and disbursements to be awarded, and any award of attorney fees, await further action by plaintiffs. ORAP 13.05; ORAP 13.10.

[2] An *amicus curiae* appeared in the appeal, and took a position adverse to plaintiffs'. ORS 659.165(2) does not expressly specify which party or parties the costs or attorney fees may be recovered *from*. However, there is only one named defendant here, and it is clearly a proper party. We are aware of no authority for assessing costs on appeal against an *amicus*. *See* ORAP 13.05(3).

"The issue is not the actions, or lack thereof, of the City Attorney, but rather, what was necessary for the plaintiffs-appellants to do in order to eliminate and enjoin the illegal charter amendment."

Plaintiffs' understanding of ORS 659.165(2) is correct.

Reconsideration allowed; decision modified to allow costs to appellants, payable by respondent, and adhered to as modified.